UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 0 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES OF AMERICA, )
)
)
)
v. ) Criminal No. 05-0386 (ESH)
)
ADRIAN JACKSON, )
)
Defendant. )
)

## DETENTION ORDER

Defendant Adrian Jackson, along with eight others, has been charged in a single-count indictment with conspiracy to distribute and possession with intent to distribute large quantities of cocaine and cocaine base in violation of 21 U.S.C. § 846, which is an offense punishable by ten years to life. 21 U.S.C. § 841(b)(1)(A)(iii). At the government's request, a detention hearing was held before Magistrate Judge Deborah A. Robinson on October 28, 2005, at which time she ordered Jackson's release. The government has filed an Appeal of Release Order pursuant to 18 U.S.C. § 3145(a)(1). The Court, having held a hearing on this matter and having taken testimony from an FBI agent, finds that no condition or combination of conditions will reasonably assure the safety of the community. *See id.* § 3142(e). The Court therefore reverses the magistrate's decision and orders that Mr. Jackson be detained pending trial. This Order, issued in accordance with the requirements of 18 U.S.C. § 3142(i), incorporates the reasons given by the Court at the close of the detention hearing held on October 31, 2005.

## DISCUSSION

Under the Bail Reform Act, 18 U.S.C. § 3141 *et. seq.*, a judicial officer "shall order" the detention of a defendant before trial if, after a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." *Id.* § 3142(e). This determination is to be made based on a consideration of four factors: (1) the "nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;" (2) "the weight of evidence against the person;" (3) "the history and characteristics of the person," including such facts as the individual's character, employment, family and community ties, use of alcohol or drugs, and criminal history; and (4) "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g). While the government is generally required to demonstrate the appropriateness of pretrial detention by clear and convincing evidence, id. § 3142(f)(2), this burden does not apply in all cases. Where "the judicial officer finds that there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act," 21 U.S.C. § 801 *et. seq.*, it is to be presumed that no set of conditions would be sufficient to reasonable assure the defendant's appearance and the community's safety. *Id.* This presumption is subject to rebuttal by the defendant. *Id.*

The Court finds that there is probable cause to believe Mr. Jackson was part of a conspiracy to distribute and possess with intent to distribute cocaine and cocaine base -- a violation of the Controlled Substance Act punishable by a maximum term of life imprisonment, *see id.* § 841(b)(1)(A)(iii), thus raising a rebuttable presumption that no condition or set of

2

conditions will reasonably assure his appearance or the community's safety under 18 U.S.C. § 3142(e). The government presented substantial evidence connecting Jackson to Antoine Jones, the subject of an extensive federal narcotics investigation involving a wire tap on Jones' cell phone, other phone records, physical surveillance and searches at multiple locations. As clarified by the government during the detention hearing, Jackson was one of numerous individuals meeting with and speaking to Jones by telephone in a manner consistent with the operation of a widespread drug distribution network. Though Jackson and Jones did collaborate in running Levels, an area nightclub, not all of Jackson's conversations with him appear to be related to this work. Further, as FBI Special Agent Counts testified at the detention hearing, the circumstances surrounding Jackson's arrest also support a finding of probable cause. After observing an armed individual looking out through a window at the time of their entry into the house where Jackson was found alone, officers located a handgun, a bag of crack cocaine weighing approximately 40 grams, an electronic scale bearing drug residue, and $2,700 cash in the bedroom where he appeared to be residing. Such information is sufficient to support a finding that defendant was involved in drug dealing and was a knowing participant in Jones' drug conspiracy.

In attempting to rebut the presumption raised under Section 3142(e), Jackson cites his "lifelong ties" to the Washington, D.C., area. Jackson also argues that the government's case against him is weak in comparison to that it has against the other defendants named in the indictment -- he notes the absence of any demonstrated connection between Levels, the nightclub Jackson ran with Antoine Jones, and Jones' alleged drug trafficking operation; the lack of unequivocal proof that Jackson resided at the house where he was found with drug trafficking-related materials and arrested; and the relatively "small amount" of cocaine found at

the time of his arrest. Without dwelling on the merits of Jackson's attempt to minimize the weight of the government's evidence against him, it is sufficient to note that this is only one of four factors the Court must consider in determining the appropriateness of pretrial detention. Each of the remaining factors speaks to the need for detention in this case. First, the offense charged is a serious one "involv[ing] a narcotic drug" and potential life imprisonment. *See* 18 U.S.C. § 3142(g)(1). Second, the unrebutted evidence indicates that Jackson was carrying a weapon at the time officers entered the residence where he was arrested. Such conduct suggests a significant threat to community safety, especially given his recent convictions for second degree assault and handgun possession. *See id.* § 3142(g)(4). Jackson's two prior convictions and positive drug test results also constitute "history and characteristics" militating against pretrial release. *See id.* § 3142(g)(3). Finally, even if the weight of the evidence against this defendant may not be as strong as that against others, there is more than ample evidence upon which to conclude that he was involved in a drug conspiracy. But more importantly, when this factor is considered along with the other relevant factors, it is clear that defendant cannot overcome the law's presumption.

The Court hereby revokes the release order of the Magistrate Judge and orders that Jackson be detained pending trial. In accordance with 18 U.S.C. § 3142(i), the Court directs that Mr. Jackson be committed to the custody of the Attorney General for confinement in a corrections facility pending trial.

_____
ELLEN SEGAL HUVELLE
United States District Judge

Date:   November 1, 2005