**TAB 4**

**HOLLAND**

**CHARGE**
CONSPIRACY TO DISTRIBUTE AND
POSSESS WITH INTENT TO
DISTRIBUTE 50 GRAMS OR MORE
OF COCAINE BASE

**DOCUMENT**
JUDGMENT & COMMITMENT ORDER

JUDICIAL OPINION (UNPUBLISHED)
AFFIRMING CONVICTION

Case 1:05-cr-00386-ESH   Document 141-5   Filed 07/10/2006   Page 2 of 14

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v.

KEVIN HOLLAND
Defendant.

Case Number CR 94-0394-02

FILED
FEB 1 3 1996
CLERK, U.S. DISTRICT COURT
DISTRICT OF COLUMBIA

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

The defendant, KEVIN HOLLAND, was represented by Bernard Grimm.

On motion of the United States the court has dismissed count(s) 2,3,4..

The defendant pleaded guilty to count(s) 1.
Accordingly, the defendant is adjudged guilty of such count(s), involving the following offense(s):

| TITLE & SECTION | NATURE OF OFFENSE | DATE OFFENSE CONCLUDED | COUNT NUMBER |
|---|---|---|---|
| 21 USC 846 and 841(a)(1) and 841(b)(1)(A)(iii) | Conspiracy to Distribute 50 Grams or More of Cocaine Base | 09/94 | 1, |

As pronounced on February 6, 1996, the defendant is sentenced as provided in pages 2 through 5 of this Judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

It is ordered that the defendant shall pay to the United States a special assessment of $ 50., for count(s) 1, which shall be due within the first three months of supervision, unless paid prior to hs release.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Signed this the 9th day of February, 1996.

ROYCE C. LAMBERTH
United States District Judge

Defendant's SSAN: 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
Defendant's Date of Birth: 6/09/76
Defendant's mailing address: Incarcerated
Defendant's mailing address: 9107 Pine Hurst Drive, Fort Washington, Md. 20744

Case 1:05-cr-00386-ESH    Document 141-5    Filed 07/10/2006    Page 3 of 14

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet 2 - Imprisonment

Judgment--Page 2 of 5

Defendant: KEVIN HOLLAND
Case Number: CR 94-0394-02

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 120 Months.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this Judgment as follows:

_____
_____

Defendant delivered on _____ to _____
at _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

Case 1:05-cr-00386-ESH    Document 141-5    Filed 07/10/2006    Page 4 of 14

AO 245 S (Rev. 11/92)(D.C.rev.) Sheet 3 - Supervised Release

Judgment--Page 3 of 5

Defendant: KEVIN HOLLAND
Case Number: CR 94-0394-02

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 4 years.

While on supervised release, the defendant shall not commit another federal, state, or local crime; shall not illegally possess a controlled substance; shall comply with the standard conditions that have been adopted by this court (set forth below); and shall comply with the following additional conditions:

1. If ordered to the custody of the Bureau of Prisons, the defendant shall report in person to the probation office in which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remain unpaid at the commencement of the term of supervised release.

3. The defendant shall not own or possess a firearm or destructive device.

4. The defendant shall not possess, transport, sell or distribute any illegal drugs, nor shall he associate with and individual who engages in that conduct, nor shall he freqent any place where illegal drugs are possessed, used, sold, or distributed.

5. The defendant shall participate in a program for education/vocational training as directed by the probation office.

THE COURT FINDS that the defendant does posses the ability to pay a fine and IT IS SO ORDERED.

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not leave the judicial district without the permission of the court or probation officer.
2) The defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month.
3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.
4) The defendant shall support his or her dependents and meet other family responsibilities.
5) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.
6) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.
7) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.
8) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.
9) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.
10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.
11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.
12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.
13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:05-cr-00386-ESH   Document 141-5   Filed 07/10/2006   Page 6 of 14

AO 245 S (Rev. 11/92)(D.C.rev.) Sheet 5 - Fine

Judgment--Page 4 of 5

Defendant: KEVIN HOLLAND
Case Number: CR 94-0394-02

## FINE

The defendant shall pay a fine of $ 1,000.. This fine includes any costs of incarceration and supervision.

The Court has determined that the defendant does not have the ability to pay interest, and it is accordingly ordered that the interest requirement is waived.

This fine (plus any interest required) shall be paid at a rate to be determined by the probation office, any fine amount paid while incarcerated.

If the fine is not paid, the court may sentence the defendant to any sentence which might have been originally imposed. See 18 U.S.C. § 3614.

Case 1:05-cr-00386-ESH   Document 141-5   Filed 07/10/2006   Page 7 of 14

AO 245 S (Rev. 11/92)(D.C. rev.) Sheet 7 - Statement of Reasons

Judgment--Page 5 of 5

Defendant: KEVIN HOLLAND
Case Number: CR 94-0394-02

## STATEMENT OF REASONS

☒ The court adopts the factual findings and guideline application in the presentence report.

OR

☐ The court adopts the factual findings and guideline application in the presentence report except (see attachment, if necessary):

**Guideline Range Determined by the Court:**

Total Offense Level: __30__

Criminal History Category: __I__

Imprisonment Range: __97__ to __121__ months

Supervised Release Range: __3__ to __5__ years

Fine Range: $ __15,000__ to $ __4,000,000__

☒ Fine is waived or is below the guideline range, because of the defendant's inability to pay.

Restitution: $ _____

☐ Full restitution is not ordered for the following reason(s):

☒ The sentence is within the guideline range, that range does not exceed 24 months, and the court finds no reason to depart from the sentence called for by application of the guidelines.

OR

☐ The sentence is within the guideline range, that range exceeds 24 months, and the sentence is imposed for the following reason(s):

OR

The sentence departs from the guideline range

☐ upon motion of the government, as a result of defendant's substantial assistance.

☐ for the following reason(s):

117 F.3d 589 　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 1
117 F.3d 589, 326 U.S.App.D.C. 35
(Cite as: 117 F.3d 589, 326 U.S.App.D.C. 35)
C

United States Court of Appeals,
District of Columbia Circuit.
UNITED STATES of America, Appellee,
v.
Kevin HOLLAND, Appellant.
Nos. 96-3045, 96-3065.

Argued May 8, 1997.
Decided July 8, 1997.

After pleading guilty to conspiracy to distribute cocaine base, defendants moved to withdraw pleas. The United States District Court for the District of Columbia, Lamberth, J., denied motions. Defendants appealed. The Court of Appeals, Randolph, Circuit Judge, held that: (1) assertion that district court did not know that defendant's guilty plea was "wired" to codefendant's guilty plea did not establish fair and just reason for withdrawal of plea; (2) defendant did not meet fair and just standard for withdrawal of guilty plea when he made unsubstantiated claim of innocence; and (3) defense counsel's concession that government would be prejudiced if defendant were later allowed to withdraw guilty plea did not support ineffective assistance of counsel claim.

Affirmed.

West Headnotes

[1] Criminal Law 274(3.1)
110k274(3.1)
Assertion that district court did not know that defendant's guilty plea was "wired guilty plea," in that it was linked to codefendant's guilty plea, and that plea thus was taken in violation of rule governing pleas, did not establish fair and just reason for withdrawal of defendant's plea; although no one mentioned word "wired," circumstances made court aware of link between pleas, and defendant answered in negative when asked if he had been threatened or forced to enter guilty plea. Fed.Rules Cr.Proc.Rules 11, 32(e), 18 U.S.C.A.

[2] Criminal Law 274(1)
110k274(1)
Defendant does not have absolute right to withdraw his guilty plea anytime before court accepts underlying plea agreement.

[3] Criminal Law 273.1(2)
110k273.1(2)
Wiring of plea is "material detail" about which court should be informed; such pleas could be coercive, especially when family members are involved.

[4] Criminal Law 273.1(4)
110k273.1(4)
District court does not have to undertake special voluntariness inquiry when faced with wired plea.

[5] Criminal Law 274(8)
110k274(8)
Defendant did not meet fair and just standard for withdrawal of guilty plea when he maintained his innocence after admitting his guilt, given failure to substantiate claim of innocence. Fed.Rules Cr.Proc.Rule 32(e), 18 U.S.C.A.

[6] Criminal Law 274(8)
110k274(8)
Claim that government "pretargeted" defendant seeking to withdraw guilty plea did not establish fair and just reason supporting plea withdrawal; even if true, such conduct would not make defendant any less guilty or his plea any less voluntary. Fed.Rules Cr.Proc.Rule 32(e), 18 U.S.C.A.

[7] Criminal Law 641.13(5)
110k641.13(5)
Defense counsel's concession at plea hearing that government would be prejudiced if defendant were later allowed to withdraw guilty plea, in that codefendant, who also entered guilty plea, could then take full responsibility for crimes at defendant's trial, did not deny defendant of right to knowing participation in crucial aspects of plea hearing.

[8] Criminal Law 641.13(5)
110k641.13(5)
Defense counsel's concession, at plea hearing, that government would be prejudiced if defendant were later allowed to withdraw guilty plea did not support ineffective assistance of counsel claim; defendant had favorable plea agreement, counsel thought arrangement would fall apart if court insisted on bifurcating acceptance of plea and acceptance of agreement, in that government indicated unwillingness to run risk of plea withdrawal in

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

117 F.3d 589                                                                                                    Page 2
(Cite as: 117 F.3d 589, 326 U.S.App.D.C. 35)

interim, and concession was merely statement of the obvious designed to keep deal on track. U.S.C.A. Const.Amend. 6.

[9] Criminal Law 641.13(5)
110k641.13(5)
For ineffective assistance of counsel claim asserted by defendant who pleaded guilty to succeed, the record would have to show that his attorney performed below objective standard of reasonableness, causing reasonable probability that, but for counsel's errors, defendant would not have pleaded guilty and would have insisted on going to trial. U.S.C.A. Const.Amend. 6.

[10] Criminal Law 641.13(5)
110k641.13(5)
Attorney's refusal to file response to government's opposition to defendant's pro se request to withdraw guilty plea did not support ineffective assistance of counsel claim, given absence of meritorious arguments that attorney could have made in defendant's favor. U.S.C.A. Const.Amend. 6.

[11] Criminal Law 641.13(1)
110k641.13(1)
Lawyer is not ineffective, for Sixth Amendment purposes, when he fails to file frivolous pleading. U.S.C.A. Const.Amend. 6.

[12] Criminal Law 273(1)
110k273(1)
Guilty plea was not void due to government's narrowing of time frame of conspiracy to which defendant pleaded guilty without resubmitting indictment to grand jury; paring down conspiracy's time frame added no new charges to indictment.

[13] Indictment and Information 125(3)
210k125(3)

[13] Indictment and Information 125(19.1)
210k125(19.1)
As long as crime and elements of offense that sustain conviction are fully and clearly set out in indictment, right to grand jury is not normally violated by fact that indictment alleges more crimes or other means of committing same crime. U.S.C.A. Const.Amend. 5.

[14] Criminal Law 641.13(5)
110k641.13(5)

Attorney's alleged failure to spend enough time with defendant advising him of consequences of pleading guilty did not support ineffective assistance of counsel, when defendant indicated to district court that he had had adequate time and opportunity to discuss case with attorney and defendant offered no reason to doubt truth of statement. U.S.C.A. Const.Amend. 6.

[15] Criminal Law 641.13(6)
110k641.13(6)
Objections.
Defense counsel was not required to investigate entrapment defense on behalf of defendant who pleaded guilty, given lack of basis for entrapment claim; thus, failure to investigate did not support ineffective assistance of counsel claim. U.S.C.A. Const.Amend. 6.

[16] Criminal Law 641.13(6)
110k641.13(6)
No prejudice results from lawyer's not looking into potential defense, for purposes of ineffective assistance of counsel claim, unless defense likely would have succeeded at trial. U.S.C.A. Const.Amend. 6.

[17] Criminal Law 641.13(5)
110k641.13(5)
Attorney's alleged error in informing court at plea hearing that defendant faced approximately 25 years' imprisonment if he went to trial did not establish ineffective assistance of counsel; sentence would have been close to attorney's calculation if government prevailed on relevant conduct argument and plea agreement gave defendant sentence significantly lower than even bottom of range identified in presentence report, which did not include relevant conduct increase. U.S.C.A. Const.Amend. 6.

[18] Criminal Law 641.13(5)
110k641.13(5)
Defense counsel's alleged failure to inform defendant who pleaded guilty to statutory "safety valve" sentencing provision did not support ineffective assistance of counsel claim; the record suggested that defendant knew about provision, and provision would not have applied if defendant had gone to trial. U.S.C.A. Const.Amend. 6; 18 U.S.C.A. § 3553(f).

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

117 F.3d 589                                                                                          Page 3
(Cite as: 117 F.3d 589, 326 U.S.App.D.C. 35)

[19] Criminal Law ⚖︎641.13(5)
110k641.13(5)
Defense counsel's remarks, at sentencing hearing, that factual predicate for motion to withdraw guilty plea "may not lie" and that counsel had attempted to explain that to defendant did not harm defendant, and thus did not support ineffective assistance of counsel claim; remarks were made after court indicated that it did not see good faith basis for motion, no good faith basis appeared to exist, defendant's plea was taken in compliance with governing rule, and audio and video tapes capturing defendant's crimes belied later profession of innocence. U.S.C.A. Const.Amend. 6; Fed.Rules Cr.Proc.Rule 11, 18 U.S.C.A.

*591 **37 Appeals from the United States District Court for the District of Columbia (94cr00394-01 & 94cr00394-02).

*592 **38 Charles F. Daum, Arlington, VA, argued the cause and filed the briefs for appellant **Kevin Holland.**

Adam H. Kurland, Washington, DC, appointed by the court, argued the cause and filed the briefs for appellant Andre L. Holland.

Robert D. Okun, Assistant U.S. Attorney, Washington, DC, argued the cause for appellee. With him on the brief were Eric H. Holder, Jr., U.S. Attorney, John R. Fisher and Steven D. Mellin , Assistant U.S. Attorneys. Anne E. Pings and Thomas J. Tourish, Jr., Assistant U.S. Attorneys, entered appearances.

Before WALD, WILLIAMS, and RANDOLPH, Circuit Judges.

RANDOLPH, Circuit Judge:

After pleading guilty to a conspiracy to distribute cocaine base, the brothers **Holland--Kevin** and Andre--filed motions to withdraw their pleas. The issues presented in these appeals center on the district court's rejection of those motions.

I

In 1993, three years after Andre Holland entered the drug business, he was caught selling crack cocaine to an undercover policeman. For his crime, the D.C. Superior Court sentenced him to 4-12 years' imprisonment, suspended the sentence and placed him on two years of supervised probation. Undeterred, Andre continued in the crack trade, enlisting his younger brother Kevin. Andre negotiated the deals. Kevin did deliveries. Some of the deliveries were to a government informant. The informant recorded his phone calls with Kevin and with Andre. Between August and September 1994, Andre and Kevin sold the informant nearly 300 grams of crack cocaine. The police videotaped or photographed three of these transactions.

In October 1994, a grand jury returned a four-count indictment against the brothers, charging them with a conspiracy, from January 1, 1990, to October 6, 1994, to distribute crack cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(A)(iii) (count one), and two counts of distributing 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A)(iii) (counts two and four). A third distribution count charged Kevin separately (count three).

On November 30, 1995, on the eve of trial, Andre and Kevin accepted plea agreements offered by the government. Under the agreements, the brothers would plead guilty to count one (conspiracy). In return, the government would dismiss the remaining counts; stipulate that each defendant's "relevant conduct" for purposes of the Sentencing Guidelines was limited to 150 to 500 grams of crack cocaine; and, pursuant to Fed. R.Crim. P. 11(e)(1)(c), agree to a sentence of 15 years' imprisonment for Andre and 10 years' imprisonment for Kevin.

At the plea hearing, the district court announced that it would take the pleas but wait for presentence reports before pronouncing sentence. The prosecutor expressed concern that if sentencing were deferred, one of the brothers might withdraw his guilty plea, allowing the Holland who pled guilty to take full responsibility for the crimes at his brother's trial. To allay the government's concern, counsel for both Kevin and Andre conceded that the government would be prejudiced if the court permitted one of the defendants to withdraw his plea.

Pursuant to Fed. R.Crim. P. 11, the court conducted an inquiry in which both Kevin and Andre stated they had been given adequate time and opportunity to discuss their cases with their

117 F.3d 589 Page 4
(Cite as: 117 F.3d 589, *592, 326 U.S.App.D.C. 35, **38)

attorneys, were satisfied with the assistance that their attorneys had provided them, and understood the rights they were waiving and the charge to which they were pleading guilty. The court informed them that they faced a mandatory minimum of ten years in prison, a maximum of life imprisonment, a maximum fine of $4 million, supervised release of at least five years, and a fine that would include the costs of imprisonment, supervised release and probation. Andre and Kevin said they understood. Defense counsel then discussed their understanding of the plea agreements. Andre's attorney said that if his client had been convicted after trial, he would have faced a *593 **39 sentence of 360 months to life imprisonment. Kevin's counsel said that if the same fate befell his client, the Guidelines would have dictated a sentencing "range of roughly 25 years, perhaps 26," based in part on Kevin's relevant conduct. Both Kevin and Andre stated that they understood their plea bargain and agreed with it. After confirming that no one had coerced either of them into entering their guilty pleas, and after listening to the government's summary of the evidence, the court accepted the pleas.

At Kevin's sentencing hearing in early February 1996, his attorney informed the court that Kevin wished to withdraw his guilty plea because he "maintains his innocence." Kevin told the court that he was "kind of pressured into taking this plea," and that his lawyer had not spent much time with him. He did not explain how he would defend against the charges, nor did he counter the government's reiteration that Kevin was both videotaped and audiotaped during the drug transactions. The court denied Kevin's motion to continue the sentencing hearing so that he could file a motion to withdraw his guilty plea, and proceeded to sentence Kevin to ten years' imprisonment, a $1,000 fine, and four years of supervised release.

Andre also attempted to withdraw his guilty plea. He sent a letter to the court in late February 1996, stating that he wanted to withdraw his plea because the presentence report indicated that he would be exposed to 19 years' imprisonment by pleading not guilty, not the 30 years to life his attorney had told him. [FN1] He wrote, "[a]lso, I am innocent," although he did not explain the basis for that assertion. In early March 1996, the court held a status conference. Andre expressed his desire to take back his guilty plea: he was pressured, he said, largely because he thought Kevin would benefit from treatment under the "safety valve" provision, 18 U.S.C. § 3553(f). He also repeated his assertion of innocence without offering anything in support. The court decided to defer sentencing, and allowed the government to file a written opposition. Andre's attorney said that he would not be filing anything further; he was in a "tricky situation" because Andre was claiming to have received erroneous legal advice. On April 15, the court refused to relieve Andre from his plea of guilty. [FN2] Andre tried again on May 1, 1996, the date of sentencing. He raised ineffective assistance of counsel: his attorney did not intelligently advise him of the consequences of pleading guilty, and was "threatening, inducing, and forcing" him to plead guilty despite his professions of innocence. He also claimed to have entered his guilty plea as a result of "threats, intimidation, coercion and inducements" and he repeated his protestation of innocence. Denying the motion, the court sentenced Andre to 15 years' imprisonment, and five years' supervised release.

> FN1. Andre's attorney admitted he had given his client erroneous advice about the sentence he would receive were he to go to trial and lose. The mistake, he said, resulted from his confusion about whether Andre would be classified as a career offender. He told the court, "I was very in some ways upset that I had told him those things, and that it turned out to be not quite accurate ... Mr. Holland is correct. I did tell him he was going to be a three-time loser, and it just slipped my mind."

> FN2. The court adopted the government's arguments in opposition--that Andre's plea was taken in accord with Rule 11, that Andre had not advanced a legally cognizable defense to the charges against him, and that the government would be substantially prejudiced by the withdrawal of Andre's plea.

II
A

[1][2] *United States v. Hyde,* 520 U.S. 670, ----, 117 S.Ct. 1630, 1634, 137 L.Ed.2d 935 (1997), handed down while this appeal was pending, forecloses Andre's major argument. A defendant does not, as he supposes, have an absolute right to withdraw his guilty plea anytime before the court accepts the underlying plea agreement. A defendant cannot wipe the slate clean "simply on a lark," after he "has sworn in open court that he

117 F.3d 589 Page 5
(Cite as: 117 F.3d 589, *593, 326 U.S.App.D.C. 35, **39)

actually committed the crimes, after he has stated that he is pleading guilty because he is guilty, after the court has found a factual basis for the plea, and after the court *594 **40 has explicitly announced that it accepts the plea." 520 U.S. at ----, 117 S.Ct. at 1634.

[3][4] Fed. R.Crim. P. 32(e) allows the court to permit a defendant to withdraw his plea if the defendant "shows any fair and just reason." Andre says he made such a showing--his plea was taken in violation of Fed. R.Crim. P. 11 because the district court did not know it was "wired," that is, linked to his brother's plea. The wiring of a plea is a "material detail" about which the court should be informed; such pleas "could be coercive, especially when family members are involved." *United States v. Hernandez,* 79 F.3d 1193, 1194 (D.C.Cir.1996) (citations omitted); *see also United States v. Farley,* 72 F.3d 158, 163 (D.C.Cir.1995). Here the district court should have been aware of the linkage between the pleas of Andre and Kevin, even though no one mentioned the word "wired." That the government could not abide a deal allowing one brother to plead guilty while the other went to trial became clear enough during the plea hearing. The court asked Andre if in any way he had been threatened or forced to enter his guilty plea. Andre answered no, thus signifying the voluntary nature of his action. A district court does not have to "undertake a special voluntariness inquiry when faced with a wired plea." *Farley,* 72 F.3d at 164. The Rule 11 proceeding here sufficed.

[5][6][7] Andre also thinks he met the "fair and just" standard by maintaining his innocence after he admitted guilt. But his claim of innocence went unsubstantiated. He says the government "pretargeted" him. Even if true, this would not make him any less guilty or his plea any less voluntary. *See United States v. Walls,* 70 F.3d 1323, 1329 (D.C.Cir.1995). He complains that his counsel's concession--the government would be prejudiced if he were later allowed to withdraw his plea--denied him "his right to knowing participation in crucial aspects of the plea hearing." Brief for Andre Holland at 26. We do not see how. Entering a plea is always a serious step. Almost always there is no turning back. Regardless of his attorney's concession, Andre must have realized as much. The court itself told him during the plea hearing: "if I find that you're voluntarily entering this plea today, you won't be able to withdraw it later."

[8][9] Andre thinks he had an ineffective defense attorney and so the district court should have allowed him to plead anew. For his claim to succeed, the record would have to show that his attorney performed below an objective standard of reasonableness, causing a "reasonable probability that, but for counsel's errors, [Andre] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). The record shows no such thing. True, Andre's attorney conceded prejudice. But consider the context. Andre had a favorable deal. Defense counsel thought things might fall apart if the court insisted on bifurcating acceptance of the plea and acceptance of the agreement. The government then might not want to run the risk of a plea withdrawal in the interim. The government made this argument to the court. And so Andre's lawyer offered his concession of prejudice--a concession, we think, merely stating the obvious--to keep the deal on track. This was by no stretch ineffective lawyering. (What we have just written applies equally to **Kevin Holland** and his attorney's identical concession.)

[10][11] Nor was Andre denied effective assistance when his attorney balked at filing a response to the government's opposition to Andre's *pro se* withdrawal request. What exactly were the meritorious arguments the attorney could have made in Andre's favor? We are unable to identify any. Appellate counsel suggests none. A lawyer is not ineffective when he fails to file a frivolous pleading. *United States v. Sayan,* 968 F.2d 55, 65 (D.C.Cir.1992); *United States v. Wood,* 879 F.2d 927, 933-34 (D.C.Cir.1989).

[12][13] Andre's last point is this: his guilty plea is void because the government narrowed the time frame of the conspiracy without resubmitting the indictment to the grand jury. While the indictment charged a drug conspiracy from "on or about January 1, 1990 to on or about October 6, 1994," Andre pled to a conspiracy from August 1994 to October 6, 1994. The court had no jurisdiction *595 **41 to accept his plea, he contends, because the charge was neither returned by a grand jury nor prosecuted by information upon proper waiver.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

117 F.3d 589  Page 6
(Cite as: 117 F.3d 589, *594, 326 U.S.App.D.C. 35, **41)

This argument goes nowhere. "As long as the crime and the elements of the offense that sustain the conviction are fully and clearly set out in the indictment, the right to a grand jury is not normally violated by the fact that the indictment alleges more crimes or other means of committing the same crime." *United States v. Miller,* 471 U.S. 130, 136, 105 S.Ct. 1811, 1815, 85 L.Ed.2d 99 (1985). In *Miller,* the government chose to prove only parts of an indictment at trial. Narrowing the indictment by confining the evidence "added nothing new to the grand jury's indictment and constituted no broadening." *Id.* at 145, 105 S.Ct. at 1820. So here. Paring down the conspiracy's time frame added no new charges to the indictment. *See, e.g., United States v. Bissell,* 866 F.2d 1343, 1355-57 (11th Cir.1989); *United States v. Poindexter,* 719 F.Supp. 6, 8-9 (D.D.C.1989). (That the judgment of conviction reflects the conspiracy period in the indictment, rather than the period reflected in Andre's plea, is a clerical error that should be corrected by motion to the district court pursuant to Fed. R.Crim. P. 36.)

B

[14] **Kevin Holland** also thinks he did not get effective assistance from his counsel. Kevin's lawyer supposedly did not spend enough time advising him of the consequences of pleading guilty. Kevin told the district court something quite different. Asked whether he had "adequate time and opportunity to discuss this case with Mr. Grimm, your attorney?," Kevin answered "yes." We have been given no reason to doubt the truth of his answer.

[15][16] Kevin's attorney allegedly failed to conduct a reasonable investigation into an entrapment defense. What entrapment defense? No prejudice results from a lawyer's not looking into a potential defense unless it "likely would have succeeded at trial." *Hill,* 474 U.S. at 59, 106 S.Ct. at 371. We have no idea why Kevin thinks he was entrapped and hence no basis for determining that he might have persuaded a jury to buy the defense.

[17] Yet another instance of ineffectiveness supposedly occurred at the plea hearing. Kevin's attorney told the court that "after discussions with the United States, and what they anticipated that the relevant conduct was," Kevin was facing "roughly" 25 years' imprisonment if he went to trial. The presentence report states that Kevin's conviction on all counts would have put him in a Guideline range of 151 to 188 months. Thus, Kevin jumps to the conclusion that his attorney made a mistake. Matters are not so simple. The government points out that the probation officer failed to consider Kevin's relevant conduct, and that more than 2 kilograms of cocaine base would have been attributed to Kevin on this basis, raising his offense level to 38 and putting his Guideline range at 235 to 293 months, close to what his attorney calculated. In accepting the plea bargain, Kevin avoided the risk that the government's relevant conduct position would prevail. Besides, the plea agreement gave Kevin a sentence significantly lower than even bottom of the range mentioned in the presentence report. It is unlikely in the extreme that Kevin would have chosen to go to trial if his attorney had told him what his Guideline range would be without any relevant conduct. *See United States v. Horne,* 987 F.2d 833, 835 (D.C.Cir.1993).

[18] Two more instances of alleged ineffective assistance remain. Kevin says his attorney never told him of the safety-valve provision, 18 U.S.C. § 3553(f). The provision requires the court to sentence a defendant "without regard to any statutory minimum sentence" and to "impose a sentence pursuant to" the Guidelines if the defendant satisfies five criteria. [FN3] *See United States v. DeJesus-*596 **42 Gaul,"Gaul,* 73 F.3d 395 (D.C.Cir.1996). In the first place, it is doubtful whether Kevin actually was in the dark about the safety valve. His brother informed the district court, during one of his attempts to withdraw his guilty plea, that he was pressured into entering his plea partly because Kevin "was told that he would benefit from a safety valve." In the second place, Kevin's purported ignorance was of something that did not matter. If he had not pled guilty, the government would have tried him on all four counts charged in the indictment. If he had been convicted on all counts (which were closely related), his total offense level would have put him in a guideline range of 151 to 188 months (without considering relevant conduct). *See* Presentence Investigation Report at 10; U.S. Sentencing Guidelines Manual Ch. 5 Pt. A. The bottom of that range is two years higher than the mandatory minimum of ten years, yet 18 U.S.C. § 3553(f) is "limited to departures from statutory minimum sentences and does not authorize downward departures from the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

117 F.3d 589 Page 7
(Cite as: 117 F.3d 589, *596, 326 U.S.App.D.C. 35, **42)

Guidelines." *United States v. Gaston,* 68 F.3d 1466, 1468 (2d Cir.1995). Since the safety valve would not have applied, there scarcely was any pressing need for Kevin's attorney to educate him about it. *See Hill,* 474 U.S. at 59, 106 S.Ct. at 370-71.

> FN3. The criteria are: (1) that the defendant not have more than one criminal history point; (2) that he did not use or threaten violence or possess a firearm or other dangerous weapon in connection with the offense; (3) that the offense did not result in a death or serious bodily injury; (4) that the defendant was not a leader or manager of others in the offense and was not engaged in a continuing criminal enterprise; and (5) that he has truthfully provided to the government all information and evidence he has concerning his offense or offenses "not later than the time of the sentencing hearing." 18 U.S.C. § 3553(f).

[19] All that remains is Kevin's complaint about his attorney's performance at the sentencing hearing. At Kevin's urging, the attorney asked the court for time to file a motion to withdraw Kevin's guilty plea, stating that "Mr. Holland maintains his innocence." When the court indicated that the motion would be frivolous, Kevin's counsel replied that "[a] factual predicate for this motion may not lie" and that he had "tried to explain that to Mr. **Holland."** **Kevin** suffered no harm from these remarks. His attorney made them after the court said "I don't see how you have a good faith basis" for such a motion. We do not see one either. The court took Kevin's plea in compliance with Rule 11. Kevin solemnly admitted his guilt. A stack of audio and video tapes capturing his crimes belied his later profession of innocence.

*Affirmed.*

117 F.3d 589, 326 U.S.App.D.C. 35

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.